TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LEANNE C. YU (SBN 290698)
lyu@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Comenity Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHAR AHMED, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>       vs.<br><br>COMENITY BANK,<br><br>        Defendant. | CASE NO.: 8:20-cv-00453-JVS-KES<br><br>**NOTICE OF MOTION AND MOTION TO STAY CASE PENDING THE UNITED STATES SUPREME COURT'S RULING IN *FACEBOOK, INC. V. DUGUID*; MEMORANDUM IN SUPPORT**<br><br>Date: January 29, 2021<br>Time: 10:30 a.m.<br>Ctrm: 10A, 10th Floor<br><br>Honorable Josephine L. Staton |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 29, 2021, at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A of this Court, located at 411 West 4th Street, Santa Ana, California 92701, the Honorable Josephine L. Staton presiding, defendant COMENITY BANK ("Defendant") will and hereby does move this Court for an Order staying this Telephone Consumer Protection Act ("TCPA") case pending a ruling by the United States Supreme Court in *Facebook, Inc. v. Duguid* ("*Facebook*")*,* Case No. 19-511.[1]

This motion is made on the grounds that the Supreme Court in *Facebook* granted a petition for a writ of certiorari on July 9, 2020 to decide an issue critical to the merits of this action: "[w]hether the definition of [an automatic telephone dialing system "ATDS"] in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator." *Facebook, Inc. v. Duguid*, 2020 WL 3865252, at *1 (U.S. July 9, 2020) (granting certiorari to Question 2 presented by the petition, 2019 WL 5390116 at ii (U.S. Oct. 17, 2019)).

Over the years, the interpretation of the definition of an ATDS has generated a circuit split.  The Supreme Court's potential resolution of this circuit split over the definition of ATDS directly impacts this action.  A stay is appropriate here as it will preserve judicial economy, prevent hardship to Defendant, and will not prejudice Plaintiff.

This motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all of the records on file in

---

[1] This Motion is made following the parties' telephonic conferral on August 13, 2020, as required by Local Rule 7-3.  **Error! Main Document Only.**The parties could not reach any agreement.  The undersigned certifies that the meet and confer efforts have been exhausted.

1  this action, and upon such other and further evidence or argument that the Court

2  may permit at the hearing in this matter.

3

4  DATED: August 20, 2020                SIMMONDS & NARITA LLP

5                                        TOMIO B. NARITA
                                         JEFFREY A. TOPOR
6                                        LEANNE C. YU

7

8  By:  /s/ Leanne C. Yu
                                         Leanne C. Yu
9                                        Attorneys for Defendant
                                         Comenity Bank

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   **INTRODUCTION**

In this putative class action, Plaintiff MEHAR AHMED ("Plaintiff") claims defendant COMENITY BANK ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), by impermissibly using an "automatic telephone dialing system" ("ATDS")[2] to call her cellular telephone without her prior express consent.  By this motion, Defendant requests that the Court briefly stay this action pending a ruling from the Supreme Court in *Facebook v. Duguid*, Case No. 19-511, on a critical issue, namely the scope and meaning of ATDS.

In the last two years, a deep and growing circuit split has developed regarding the interpretation of the statutory definition of an ATDS set forth in the TCPA.  In *Marks v. Crunch San Diego, LLC*, the Ninth Circuit "conclude[d] that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator."  904 F.3d 1041, 1043 (9th Cir. 2018).  The Ninth Circuit's interpretation of an ATDS, however, which the Second and Sixth Circuits later followed, directly conflicts with decisions of the Eleventh, Third, Seventh, and D.C. Circuits.  *See infra*, 8:10-27.

On July 9, 2020, the Supreme Court agreed to resolve this conflict, when it expressly granted certiorari to decide this specific issue:

> Whether the **definition of ATDS in the TCPA** encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e]' a random or sequential number generator.'"

---

[2]   Congress defined an "automatic telephone dialing system" as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

*Facebook, Inc. v. Duguid*, 2020 WL 3865252, at *1 (U.S. July 9, 2020) (emphasis added) (granting certiorari to Question 2 presented by the petition, 2019 WL 5390116 at ii (U.S. Oct. 17, 2019)).  *Facebook* presents a substantial question of law with a significant impact on this case.

This question is of central importance here because Ahmed's proposed class is primarily defined by the very statutory term – ATDS – currently under consideration by the Supreme Court:

> All persons or entities within the United States who (1) within four years of the commencement of this action, (2) received a nonemergency telephone call from Comenity regarding a debt allegedly owed to Comenity, (3) to a cellular telephone line, (4) **through the use of an ATDS** or an artificial or prerecorded voice.

Doc. No. 1, ¶ 55 (emphasis added).  As ATDS is an essential element of any TCPA claim, whether in an individual or a putative class action, the Supreme Court's decision in *Facebook* could eliminate Plaintiff's entire claim.  *See Ambrezewicz v. LeadPoint, Inc.*, No. EDCV162331JGBKKX, 2017 WL 8185862, at *3 (C.D. Cal. May 8, 2017) ("Plaintiff must prove that Defendant called him using an ATDS to establish a TCPA violation . . . ." (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (noting that "using an [ATDS]" is an element of a TCPA claim))).

Given the importance of the issue before the Supreme Court to the merits of this action, Defendant requests that the Court stay this action briefly pending the Supreme Court's decision in *Facebook*.  Plaintiff will suffer no prejudice if a stay is granted.  Accordingly, the Court should exercise its discretion and stay the case.

## II.    ARGUMENT

### A.    Legal Standards

The Supreme Court has long recognized the power of district courts to stay proceedings before them.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  Thus, it is within the Court's discretion to "stay proceedings as part of its inherent

power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Pesticide Action Network N. Am. v. Environmental Prot. Agency*, No. 08-1814-MHP, 2008 WL 5130405, at *4 (N.D. Cal. Dec. 5, 2008); *see Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  Using this power requires the court to weigh the "competing interests and maintain an even balance," taking into account the "possible effects on judicial economy as well as the potential harm to the parties and the public interest." *Pesticide Action Network*, 2008 WL 5130405 at *4.  Put differently, the Court considers judicial economy, hardship to the movant and potential prejudice to the non-movant.  *See Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Where legal issues are pending before a higher court and it is likely that court's resolution of those issues will have "a significant impact on the course of this litigation, a stay will serve the interests of the parties and the orderly course of justice measured in terms of the simplifying . . . . of issues, proof, and questions of law which could be expected to result from a stay.'"  *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 371 (N.D. Cal. 2009) (quoted citation omitted; staying case pending resolution of cases by California Supreme Court that presented same legal issues); *see also In re Taco Bell Wage and Hour Actions*, No. 1:07-CV-01314-OWW, 2011 WL 3846727, at *2 (C.D. Cal. Aug. 30, 2011) ("For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court. ").  Indeed, "the existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay. . . . This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not

require that the issues in such proceedings are necessarily controlling of the action before the court." *Lindell v. Synthes USA*, No. 1:11-CV-2053-LJO-BAM, 2012 WL 1657197, at *2 (E.D. Cal. May 10, 2012).

District courts routinely stay cases where significant issues in the case are the subject of a Supreme Court case. *See, e.g., Chattanond v. Discover Fin. Servs., LLC*, 2016 WL 8202736, at *3 (C.D. Cal. Feb. 26, 2016) (staying TCPA case pending outcome of Supreme Court case where certiorari has been granted); *Rossano v. Fashion Mktg. & Merch. Grp. Inc*, No. CV1910523MWFPJWX, 2020 WL 4288059, at *2 (C.D. Cal. May 4, 2020) (same; noting, among other considerations for the stay, "Supreme Court is likely to rule in a way that will provide clarity and have an impact here . . . confirming which circuit's test is appropriate"); *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081-JM-BGS, 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015) (staying case where Supreme Court accepted certiorari review; "a stay of this action will potentially streamline this case by identifying controlling legal principles, and identifying the scope of discovery."); *see also NGV Gaming, Ltd. v. Harrahs' Operating Co.*, No. 04-3955-SC, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (staying case pending resolution of certiorari petition, noting possible circuit split); *Milkowski v. Thane Int'l, Inc.*, No. 03-01031-JVS-SGLx, 2008 WL 11342962, at *2 (C.D. Cal. July 21, 2008) (staying case pending resolution of certiorari petition where grant of petition and resolution of issues in favor of moving party could render further action by district court unnecessary); *Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*, No. 215CV01217JADGWF, 2017 WL 752775, at *2 (D. Nev. Feb. 27, 2017) (continuing to stay case pending Supreme Court ruling on certiorari petition).

//

//

//

**B.** **A Stay is Warranted Pending the Supreme Court's Ruling in** *Facebook v. Duguid*

A primary contested issue in this case is whether Defendant used an ATDS to call Plaintiff and the putative class.  Plaintiff alleges Defendant violated section 227(b)(1)(A)(iii) of the TCPA.  Doc. No. 1, ¶¶ 29-38.  Because Plaintiff must prove that Defendant called her using an ATDS to prevail on a TCPA claim, *see* 47 U.S.C. § 227(b)(1), *Meyer*, 707 F.3d at 1043, the meaning and scope of ATDS, which is presently being considered by the Supreme Court in *Facebook*, directly impacts this action.

The interpretation of the definition of an ATDS is an issue of significant importance that has divided courts across the country.  *Compare Marks*, 904 F.3d at 1052 (equipment need not have capacity to generate random or sequential telephone numbers if it can dial from stored list of numbers), *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 281 n.5 (2d Cir. 2020) (same), and *Allan v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-2043, 2020 WL 4345341, at *1 (6th Cir. July 29, 2020) (same) *with Dominguez v. Yahoo, Inc.*, 894 F.3d 1116, 1121 (3d Cir. 2018) (equipment must have capacity to generate random or sequential telephone numbers); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 466 (7th Cir. 2020) (same); *ACA Int'l v. Federal Commc'ns Comm'n*, 885 F.3d 687, 697 (D.C. Cir. 2018) (FCC's interpretation of ATDS was impermissible because it rendered every smartphone, which can dial from stored list, an ATDS); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1311 (11th Cir. 2020) (equipment must use randomly or sequentially generated numbers and not require human intervention); *see also Seefeldt v. Entm't Consulting Int'l, LLC.*, 441 F. Supp. 3d 775, 777 (E.D. Mo. 2020) ("appellate courts have been unable to agree on the exact definition to give to an 'autodialer' that lies at the heart of the TCPA's prohibitive mandates.").

//

### 1.   District Courts in the Ninth Circuit Have Granted Stays Pending a Ruling in *Facebook v. Duguid*

Indeed, numerous courts in the Ninth Circuit have already stayed proceedings in matters involving a TCPA claim pending the outcome in *Facebook*.[3]  *See, e.g.*, *Lamkin v. Portfolio Recovery Assocs., LLC*, No. 19-16947, Dkt. 45 (9th Cir. Aug. 3, 2020) (granting unopposed motion to stay); *In re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. Act Litig.*, Case No. 11-md-02295-JAH-BGS, Dkt. 794 (S.D. Cal. July 27, 2020) (granting unopposed motion to stay); *Blower v. Portfolio Recovery Assocs., LLC*, No. 19-cv-02270-BAS-LL, 2020 U.S. Dist. LEXIS 130505 (S.D. Cal. July 23, 2020) (granting joint motion to stay); *Whatoff-Hall v. Portfolio Recovery Assocs., LLC*, No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375 (S.D. Cal. July 23, 2020) (granting joint motion to stay); *Bailey v. Portfolio Recovery Assocs., LLC*, No. 5:19-cv-07301-BLF, Dkt. 31 (N.D. Cal. July 14, 2020) (granting stipulated request for stay); *Bell v. Portfolio Recovery Assocs., LLC*, No. 5:18-cv-00243-OLG, Text Order (W.D. Tex. July 14, 2020) (granting joint motion to continue stay); *see also Childers v.*

_____

[3] District courts have stayed TCPA cases where the definition of ATDS was contemporaneously at issue in appellate review.  *See Errington v. Time Warner Cable Inc.*, No. 2:15-CV-02196-RSWL-DTB, 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016) (staying case pending circuit court's ruling on definition of ATDS because "Defendant may suffer hardship in conducting discovery"); *Castrellon v. Fitness Club Mgmt., LLC*, No. 17-08825-SJO-E, 2018 WL 5099741, at *7 (C.D. Cal. June 6, 2018) (staying case pending circuit court's ruling on definition of ATDS because, among other reasons, it "is likely to provide controlling precedent informing this TCPA action"); *Fisher v. Synchrony Bank*, No. 17-02192-VAP-AGR, 2017 WL 10543996, at *3 (C.D. Cal. July 26, 2017) (granting stay in TCPA case while awaiting circuit's decision on scope and definition of ATDS because "this case is in the early stages of litigation.").  Even more compelling, here, the Supreme Court is about to decide this exact issue.

*Portfolio Recovery Assocs., LLC*, No. 20-cv-00034-RFB-DJA(L), Dkt. 18 (D. Nev. July 31, 2020) (granting stipulation to stay).[4]

### 2.       Plaintiff Will Suffer No Harm from a Stay

Further, Plaintiff will suffer no harm from a brief stay.  Courts have recognized that a TCPA plaintiff no longer receiving calls faces no risk of ongoing harm.  *See Gusman v. Comcast Corp.*, No. 13CV1049-GPC-DHB, 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) ("Plaintiff will not be prejudiced since he stopped receiving calls in the Fall of 2013 and the case is in the early stages of litigation."); *Lambert v. Buth-Na-Bodhaige, Inc.*, No. 2:14-CV-00514-MCE, 2014 WL 4187250, at *2 (E.D. Cal. Aug. 21, 2014) ("[B]ecause there is no indication that Plaintiff has received any text messages from Defendants since October 18, 2013, she is not suffering continuing harm and thus will not be prejudiced by a stay."); *see also Reynolds v. Time Warner Cable, Inc.*, No. 16-CV-6165W, 2017 WL 362025, at *2 (W.D.N.Y. Jan. 25, 2017) (finding minimal prejudice to plaintiff in staying TCPA case when defendant had stopped calls at issue).  Here, Plaintiff alleges she received a single telephone call from Defendant, over a year ago, on January 1, 2019.  Doc. No. 1, ¶ 26.  She does not allege that she continued receiving calls from Defendant after that.  *See generally id.*

Moreover, the parties are at an early stage of the litigation, where little discovery has been conducted and only the instant motion is pending before the Court.  *See St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 WL 6777873, at *5 (E.D. Mo. Nov. 4, 2015) (staying TCPA action

---

[4] Recognizing the magnitude of the issue pending before the Supreme Court, some courts granted similar stays even *before* certiorari was granted.  *See, e.g.*, *Neal v. Wal-Mart Stores, Inc.*, No. 3:17-CV-022-KDB-DCK, 2020 U.S. Dist. LEXIS 88203 (W.D.N.C. May 19, 2020) (granting opposed motion to stay pending Supreme Court rulings in *Facebook* and *Barr v. Am. Assoc. of Political Consultants, Inc.* (U.S. No. 19-631)).

while awaiting Supreme Court ruling because "the parties have conducted little, if any, discovery; and other than the instant motions, no substantive issues have been or are scheduled to be litigated").  Thus, a stay of this action will not harm or otherwise prejudice Plaintiff or the proposed class[5] she seeks to represent.

### 3.    Absent a Stay, Defendant Will Suffer Significant Hardship

Defendant, on the other hand, will face hardship and continued costly, potentially unnecessary litigation.  Specifically, "moving forward without awaiting the Supreme Court ruling on these issues would result in significant expenditures of time and resources by the parties to litigate issues that may ultimately be invalidated." *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L-DHB, 2015 WL 12434307, at *3 (S.D. Cal. Feb. 26, 2015); *see also Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (staying district court case pending Supreme Court ruling because Defendant "would be required to defend a large class action and undergo discovery which could be rendered moot if the Supreme Court reverses the Ninth Circuit.").  Both parties will "suffer hardship in conducting discovery and trial preparation in light of the uncertain[ty] . . ." surrounding "the definition of an ATDS." *See Errington*, 2016 WL 2930696, at *4.  A stay will also obviate the need for the Court to rule on

---

[5] Such a stay is even more appropriate here, given Ahmed's putative class action, which depends entirely on the viability of her TCPA claim.  All the familiar burdens and expenses associated with Ahmed's class claim – class discovery, administration, and a motion for class certification this Court would need to consider and resolve – may well be rendered unnecessary depending on the Supreme Court's decision in *Facebook*.  Courts in the Ninth Circuit have routinely stayed class actions while awaiting important Supreme Court decisions.  *See Flores v. Access Ins. Co.*, No. 215CV02883CASAGR, 2015 WL 13650882, at *5 (C.D. Cal. Aug. 31, 2015) (staying TCPA class action to await decisions by Supreme Court); *Roman v. Northrop Grumman Corp.*, No. 216CV6848CASGJSX, 2016 WL 10987312, at *3 (C.D. Cal. Dec. 14, 2016) (staying class action pending decision by Supreme Court); *Bankwitz v. Ecolab, Inc.*, No. 17-cv-02924-EMC, 2017 WL 4642284, *6 (N.D. Cal. Oct. 17, 2017) (same; "[t]here is little value in litigating a class certification motion or undertaking class discovery now when the Supreme Court's impending ruling might ultimately moot those claims.").

any forthcoming summary judgment motions on this very same issue, as well as a mediation scheduled for October 21, 2020.  Thus, staying this action "avoids wasting judicial resources" and "judicial economy will be served."  *Hanover Ins. Co. v. Mason Mcduffie Real Estate, Inc.*, No. 16-CV-01114-JST, 2016 WL 7230868, at *4 (N.D. Cal. Dec. 14, 2016).  Accordingly, a stay of this litigation is warranted pending the Supreme Court's ruling in *Facebook*.

### III.    <u>CONCLUSION</u>

A decision by the Supreme Court on the ATDS issue will provide important guidance for this Court regarding the motions pending before it.  For the foregoing reasons, Defendant respectfully requests that the Court stay this action pending the Supreme Court's decision in *Facebook*.


DATED: August 20, 2020          SIMMONDS & NARITA LLP
                                TOMIO B. NARITA
                                JEFFREY A. TOPOR
                                LEANNE C. YU


                          By:  /s/ Leanne C. Yu
                               Leanne C. Yu
                               Attorneys for Defendant
                               Comenity Bank